194 So. 711

## POTTER v. STATE.

### I Div. 344.

Court of Appeals of Alabama.
March 12, 1940.

C. L. Hybart, of Monroeville, for appellant.

Thos. S. Lawson, Atty. Gen., and Willard McCall, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The evidence adduced upon the trial of this case tends to show, that the first State witness, Sarah Stallworth, an aged colored woman, was upon the occasion in question made the victim of the old stereotyped "flimflam" game, where a pocket book said to contain a large sum of money was purported to have been found in her presence by this appellant, and another woman, by the name of Kate Jordan, who plead guilty to this offense, and in this case testified as a witness for the State.

The corpus delicti was proven without dispute or conflict; and upon this appeal the only controverted question is whether or not this appellant was one of the perpetrators of the serious crime charged, and, as stated, shown to have been committed by the undisputed evidence in the case. This, naturally is the controlling and conclusive question for consideration.

The testimony of the State tends directly to show, that this appellant was not only actively engaged in the commission of the offense, but that she was the principal actor in the crime complained of. Sarah Stallworth, the alleged injured party, positively identified Eva Mae Potter, as being one of the persons who feloniously took from her the large sum of $705 and promised her to return $1,400 to her that day. She also testified she never saw Eva Mae Potter again on that day. In fact never saw her at all after that until she saw her in jail. That Eva Mae Potter is the one who got her money, and stated: "I could identify her anywhere."

To like effect is the testimony of the remaining two State witnesses who testified as to the main facts. Kate Jordan and James Norris, being accomplices, both testified that Eva Mae Potter was the principal actor in the commission of the offense. And it appears from the record that each of said witnesses had acknowledged their part in the commission of the offense, and both had formerly plead guilty to said charge.

The foregoing evidence, and other evidence of like import, made a question for the jury to determine.

Appellant strenuously denied that she had any connection with the commission of the offense, and testified that at the time of its commission she was at a distant place, many miles away, in attendance upon her mother who was ill. In support of her testimony, as to an alibi, she offered the testimony of several witnesses who testified to facts tending to support her testimony as above stated.

The affirmative charge was not requested. Pending the trial one or two exceptions were reserved to the court's rulings upon the admission of testimony. These exceptions are so clearly without merit, discussion thereof will not be indulged.

Defendant made motion for a new trial, based upon the grounds that the verdict of the jury was contrary to the evidence; and contrary to the law, also contrary to the charge of the court. Nothing, however, was offered in support of said motion, and said motion was properly overruled.

The evidence adduced upon the trial of this case, was, in our opinion, ample to support the verdict of the jury, and to sustain

the judgment of conviction pronounced and entered. Said judgment will stand affirmed.

Affirmed.